Mr. McCoy. May it please the Court, Counsel? My name is Christopher McCoy, and I represent Raul Saucedo-Cervantes. In this case, Defense Counsel filed a Rule 604D certificate, which stated that he consulted with his client regarding the defendant's defense. It was insufficient under the new amendments to the Rule 604D, which should be applied retroactively to this case. And second, even if those amendments are not in effect, it was still insufficient under the prior version of the Rule. Your client faced a minimum sentence of 45 years had he gone to trial and been found guilty, correct? If, uh, with, as he was originally charged, yes. And he received a plea offer, which he agreed to, of 20 years? Yes. Has he been advised that if he were to be granted relief and his plea is withdrawn, he's facing 45 years? Yes, he understands the risks with proceeding with this motion. And we know that the amended rule applies because of what case? What case law? There's no case that has actually interpreted this particular amendment. However, the general question of whether a statutory amendment is to be applied retroactively in cases pending on direct appeal, it's a two-step process. First, it must be determined if there's an explicit intent stated regarding retroactivity. And if not, then it's determined whether the amendment is substantive, which will not be applied retroactively, or procedural, which will be applied retroactively, as long as it doesn't impair any vested right. And in this case, there was no explicit intent stating that this amendment should apply only prospectively. In fact, the fact that it was effective immediately, as opposed to some sort of delayed implementation, weighs in favor of retroactive application, as does the context of this amendment, which was after the Supreme Court's decision in Toussignon. So this seems to be a curative amendment, which ordinarily is applied to pending cases. Let me ask you this. Is our review of this case limited to the deface of the 604D certificate strictly, or could we consider the proceedings and the record made at the time that this was heard? As this Court said in Herrera, complaints can only be found with the four corners of the certificate. It's true that this Court in Mignot did look at the nature of the motion, but that is contrary to what this Court previously said in Herrera. It's also contrary to Grice, which is a Fourth District case, and some of the more recent cases to come out, people, the Hobbs, which disagreed with Mignot. And in that case, the attorney filed both a motion to withdraw a guilty plea and a motion to reconsider a sentence. The Court didn't consider that, but limited its consideration to the four corners. Wasn't there some proceedings? Didn't it appear that when the case, I believe this was a supervisory order, it sent it back? And didn't the defense attorney try and make a record in this case and file another motion? In Mr. Sassiero-Cervantes' case? Yes. No. This is the first time this case has been before the appellate court. There are two 604D certificates filed in this case. The first one had a little bit more creative language, I guess you could say, and the second one more closely mirrored the version of the prior version of Rule 604D. But this is the first time this case has been here on appeal. As I understand your argument, based upon the change of the rule, you want us to conclude that the certificate that was filed must be false or incorrect. No, not necessarily. What's the problem here is that the certificate didn't ensure that counsel complied with the necessary consultation requirement. By using or, it created an ambiguity. Well, if you track the language of the rule, it would mean that the lawyer asked the defendant, what are your contentions of error in the sentence or the entry of the plea? If you track the plain language of the rule, that would be the question. And that's what the lawyer said in the certificate, that he asked his client, what are your contentions of error in the sentence or the entry of the plea? Which is the question that if you comply with the certificate, that's the question you've asked your client. You've asked your client, what are your contentions of error in the sentence or the plea, correct? Well, the certificate says that, this is the second certificate, that counsel has consulted both in person and by mail with the defendant to ascertain the defendant's contentions of error in the sentence or the entry of the plea of Gilbert. And that doesn't say I asked him this question. It does say that. He inquired the defendant, what are your contentions of error in the sentence or the plea? Well, as Justice Thomas said in his concurrence in Two Signot, this particular statement would be true because of the use of the or if the defense attorney had just consulted about the guilt of the or, just consulted about the sentence. Because it's or, we don't, it doesn't give us the clearest possible indication about what defense counsel actually did. And in fact, this court on multiple occasions has said that and is the best practice. And the reason it's the best practice is because it fulfills the purpose of Rule 604D. What possible error could there have been in this sentence? Your Honor, that is, it's not a applicable question to this case. Well, is there a case where any person who's been convicted of first degree murder has been sentenced to less than 20 years? Obviously, that's the minimum sentence. But the state has opportunities to negotiate that down. The state can negotiate a murder, a first degree murder sentence below the statute. By charging something else. Sure. But the plea was the first degree murder. Right. But the fact is, this Court Martel held that. There's, the fact that it's a negotiated guilty plea, a fully negotiated guilty plea, doesn't make the rule receive a different interpretation. No, there could always be, in a lot of circumstances, there could be an error in the sentence. And I think that's spelled out in Toosonville, the court. You ask that question because there could be potential errors in a sentence. Even though the defendant wants to withdraw his plea, you also have to ask about the sentence because of the potential that there could be an error in the sentence. Even if the defendant just wants to withdraw his plea, you need to ask that question. My point is that here, there's no possible error in the sentence because it is the absolute bottom line minimum. He could not, there could not have been a contention of error in the sentence, yet the certificate says sentence for plea of guilty. It's a little bit like, I think, the case that McMurrow wrote, if I'm remembering correctly, where the case was remanded back because there was a defective 604D certificate filed. And then there was another 604D filed, and that was defective as well. It went up on appeal, and the Supreme Court basically said, look, we're not going to do this ad nauseum or ad infinitum. And we don't see any prejudice arising from the fact that the second certificate may have been defective as well. So explain why that logic wouldn't apply in this case. I believe that Shirley is the case that you're referring to. And in that case… Did you say Shirley? Shirley? Are you Shirley about that? I'm not Shirley, but… Don't call me Shirley. That is a New York claim, though. In that case, the facts were slightly different in that the certificate itself was sufficient. And I'm sorry, I can't recall the exact problem why it was remanded. But they did have a sufficient certificate in Shirley, and the subsequent decision of Love distinguished Shirley on that basis that, whereas in this case here where you don't have a sufficient certificate, that that rationale no longer applies. And the fact is the Supreme Court has stated what is necessary for this rule. And they have not created an exception for fully negotiated guilty pleas. They've not created an exception for cases where the minimum sentence is required. Strict compliance with 604D is the law in this state. Well, if you're following Moneau, where would that leave you? Well, if Moneau does not address this amended version of 604D, it addresses the prior version. So if the amended version of 604D is applied, then Moneau is distinguishable on this basis. If not, then obviously we acknowledge this Court's holding in Moneau. We ask this Court to reconsider that holding based on subsequent developments in the law, most notably the fact that the Supreme Court has amended Rule 604D. But did they amend it because the prior rule was incorrect or just ambiguous? Well, in either situation – Because it's – let me make a point. It's ambiguous, is it not? Because we don't know whether or means and or or. It doesn't mean – we don't know whether the inquiry was in the conjunctive or the disjunctive or in the alternative. Yes, the attorney's consultation. So at minimum, it's ambiguous. Yes. But is it necessarily wrong or incorrect? Isn't that fact-specific? Yes, but the fact is we – And if it's fact-specific, don't you have to establish based upon the record that factually there was error committed here? No. Not just an inference or not just claiming that there's an ambiguity? No. There's – neither this Court nor the Supreme Court has ever held that prejudice is required showing regarding 604D. The State in its briefs cites Scarborough, which held this oral language to be insufficient, but then which declined to remand the case. And the reasoning in Scarborough was the defendant hasn't shown prejudice. He hasn't stated any potential errors that were not included in the post-plea motion. However, that's been subsequently disagreed with by several cases. In fact, the author of that opinion in the later case of People v. Jordan, which is cited in our reply brief, disavowed that particular prejudice analysis and said that prejudice is not a necessary component to finding a remand to be necessary. How does Justice Burkett's inquiry relative to lack of prejudice, because the sentence was the minimum that could be imposed, not affect or negate the inference that error was committed here, or at least prejudicial error? Well, I think that that's assuming that there can be, I guess you would say, meaningless consultation. And I don't believe there can be meaningless consultation. The – obviously defendants are not going to – I don't know that I'd call it meaningless. I might say it's not meaningful. Well, I think defendants are not – Well, I think the context is important. The context isn't a conversation between an attorney and a judge. The conversation is between an attorney and the layperson, his client. The client may believe he has contentions of error in the sentence,  In that case, it's – the consultation could be you have no – you have no possibilities. So prejudice is in the mind of the beholder? Well, the fact is the defendant must know what he's getting into, as Justice Burkett asked earlier. The importance here is knowing the consequences, knowing what you are doing. And the defendant might think, yes, I have some error, but – and that is why it is important to consult with the defendant and to make sure that this consultation happened because that fulfills the purpose of Rule 6 of 4D, which is to limit guilty plea appeals, to put everything in front of the trial judge at one time, and which then minimizes trips to the appellate court later on with collateral proceedings. And, in fact – I suppose – I suppose one thing that could occur would be improper advice about the credit. And if murder is 100 percent and if the lawyer had said it's going to be day for day, you'll be out in 10 years, the defendant would realize that in fact, in speaking to another inmate or some other way, learned that it's actually 100 percent, so there could be some issue. Yeah, that's a great example. And it's – again, this purpose is to make sure that the defendant knows everything about what's happening from his attorney and his attorney knows what is in the mind of the defendant, what he believes the errors were in this case. If we have the ability to enter any order that the trial court could, would it make any sense for us to order the attorney in question, submit an affidavit as to whether or not he discussed in the conjunctive or the disjunctive, or didn't discuss sentencing at all? And if so, why not? I believe that issue has been addressed. I apologize, I don't – You just alluded to that earlier, saying it has to be based on the basis of the certificate only. Didn't you just say that? Correct. And the certificate needs to be filed before the notice of appeal. And I apologize, I don't have the name of the case that stands for that proposition, but – But you end up getting either a circumlocution or a paradox, and that is that you're claiming, as Justice Brett Kevin suggested, that there has been noncompliance because he literally used the language of the rule. Do you see any problem with the logic of that? Well, the fact is, the – or in the rule has – well, I guess I'll just say what Chu Shing-Ngat said – Chu Shing-Ngat, Shing-Ngat. The Supreme Court there said, quote, that he's consulted with the defendant to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilt. So the Supreme Court specifically – this was before they amended the rule, but in Chu Shing-Ngat said that the replaced or with and. And it – the fact is that or simply doesn't show what the attorney actually did. Well, it's a plea agreement, correct? Yes. And a plea agreement to get a lesser sentence because the state agreed to take off the 25 for the firearm, correct? Yeah, and I – So by – just by the plain – in your brief, it's clear that there was a discussion of the sentence with the client because the client agreed to the lesser sentence. With his original attorney, the – this is the post – he's appointed a new attorney after he files his pro se motion. And that is the attorney which 604D is focused on. And it is – it's a unique area. The Supreme Court, for lack of a better term, micromanages defense counsel's conduct in regards to this area and requires strict compliance. And – or simply doesn't show that this duty of consultation was met in this case. Are there no further questions, Mr. Sessions? Oh, I have one question. Assuming that he did, in fact, discuss it with them and we remanded back and inquiry is made and he admits either on the record or through an affidavit – when I say on the record, I mean orally on the record. What's supposed to happen next if during the remand we learn or the trial judge learns that he did it the right way, regardless of the language that he used, why should the defendant then be given an opportunity to have a new motion to vacate? That – the purpose is to ensure everything is up. And the Supreme Court has stated the remedy is to deny – or to vacate the denial of the post-plea motion and start over at the post-plea stage. So the – again, this is a unique area. This is meant to ensure everything is there and everything is done the correct way. And so it does seem slightly repetitious, but that is the rule in this state. Thank you, sir. Thank you. You'll have an opportunity to make rebuttal. Thank you. Ms. Gamble. Good morning, Your Honors. Good morning. Briefly, let me just review a little bit of the procedure, and I think this may go to Justice McLaren's question about whether there's any virtue or worthwhileness in asking for a supplemental affidavit by counsel and perhaps Justice Hudson's confusion on whether it had been remanded previously. In this case, the defendant filed his pro se motion for reconsideration of sentence. He was appointed to counsel. The appointed counsel filed an amended motion to withdraw the guilty plea and vacate judgment or, in the alternative, to enforce a prior proposed plea agreement. Counsel filed the 604-D certificate that same day as he filed his motion. The state moved to dismiss, which the trial courts denied, and then counsel, at the conclusion of the hearing where the motion to dismiss was denied, said he had concerns based on case law that perhaps the certificate, the 604-D certificate he had filed was insufficient, so he filed another certificate. So that's why we have two certificates in this case when it hasn't been previously remanded. I have a twofold argument. Before you give me the argument, that was the original question when we called you as counsel. I said, can the court, are we limited strictly to the language on the face of the certificate? Can we consider the proceedings and record made at the trial court? He says no. It's governed by the language in the certificate that's filed. What do you have to say on this matter? I have a twofold argument for that, too. My first portion would be that it is sufficient on the face, so merely examining the certificates shows compliance. My second argument is because of the circumstances of this case, you can look beyond just the certificates, and that demonstrates even more amply that the- When you say the circumstances of this case, is there a case law that says you can go beyond the face of the certificate? Yes. There are a number of cases. I believe Grice is one. Grice says the certificate itself is all the court will consider. How does that jive with the argument that you can go beyond it? Defendant also makes the argument for the retroactive application, and there's also this court's, in which case you consider the circumstances, and I can go into that more in depth. But there's also this court's decision in the menu, and in Justice Jorgensen's special concurrence, or actually it's in the main holding, this court says that nor do we find fault in the portion of the certificate stating that counsel consulted with defendant to ascertain defendant's contentions of error in the sentence or the entry of plea of guilty. This comports exactly with the rule's text. Courts have repeatedly held that a certificate need not recite verbatim the rule's language. However, we are aware of no case finding a certificate insufficient for following the rule's language too clearly or too closely. And then Justice Jorgensen, in her special concurrence, says the better practice going forward. So I think, you know, part of that winds into the whole argument or question that you have is can you hold a defense counsel certificate which strictly complies with the Supreme Court rule to be insufficient? The first argument to be made to answer to that is no. However, here's my concern. We all have recognized the rule was amended or became amended, okay? The rule now says that the rule provides that the certificate shall be in the prescribed form. Exactly. Why doesn't that amendment apply here? A basic tenet is that Supreme Court rules are rules and not suggestions and must be followed. I think, in particular, that language indicates that it can't be retroactively applied because it specifically says the certificate of counsel which, quote, shall be in the following form. Now, how can you, in 2016, say that counsel must present the certificate in the following form to a counsel who filed a form in 2014? Right, but isn't there also the case law replete with the doctrine that cases are pending on appeal and there's an amendment that should be given effect to that procedural aspect? Aren't there cases that say that? Indeed, this Court's decision in Marriage of Dukin says exactly that. Curative amendments ordinarily should be applied in pending cases. That's at 731. However, at 730, this Court says, We are mindful of the Supreme Court's guidance in Commonwealth Edison that the question is not simply whether the rights allegedly impaired are being vested or nonvested. Instead, courts must make subtle judgments concerning the fairness or unfairness of applying the new statutory rule to particular cases pending before them. Thus, we look beyond the catchpenny phrase or ambivalent concept of vested to determine the fairness of applying the amendments, this is to Rule 303a, retroactively. So, similarly here, you have to look at the fairness of applying the new rule retroactively. I certainly think that in this case, as I said, requiring counsel who, particularly in this case, was diligent because he filed his first certificate, they had the hearing, he had concerns on whether he was complying, so he filed a second certificate  And I think if you look at the face of those two certificates, which are on my brief at page 5, first of all, I'd like to emphasize this Court's decision in video that says So basically you're saying, before you move on to the next point, because I think this is important, the amendment, this certificate today, would not be sufficient under the rule, correct? I don't. Well, how could it be? Exactly. All right. I don't think you have the room for a fudge factor on that. Okay. Okay. If there was a plea today, somebody 30, 60 days later filed, or it wouldn't be in the language of the new rule, correct? Correct. Okay. And so the new rule doesn't apply to this because why? Even though it's pending on appeal? The new rule requires a specific form be filed. Right. Obviously the defendant in 2014 didn't have access to that specific form, but with the two certificates that he filed, all the information that is required, which is earlier in the version of the new Supreme Court rule, which says the defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, or electronic means, or in person to ascertain defendant's contentions of error in the sentence, and the entry of the plea of guilty has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. That's almost near what the defendant's counsel said in the second certificate, except of course for the big or component. But that is all covered in the first certificate, which is not following the exact verbiage or regurgitating language of the rule, but in there, the first point he said that he has reviewed defendant's pro se motion for reconsideration of the sentence. Then he says counsel has reviewed the transcript of the report of the plea hearing and the entry of the sentence. Counsel has reviewed the trial court file in this case. Counsel has consulted either in person or by mail with the defendant and ascertained that there are no additional allegations of error which counsel believes should be raised other than those which have already been raised in the amended motion to withdraw a guilty plea and to vacate sentence. Clearly, he has consulted both on the plea by the sentence. But why couldn't why doesn't this defendant get the benefit of the rule? Why can't he say this rule, this amended rule should apply to me? Because it's not fair. I mean, that's one of the components of what this court said in Dugan, is you examine the pending cases on appeal and determine if it's fair. It is not fair to require someone in 2014 to have filed a document that they're not required to file until 2016. Is it not true that error is presumed if there is not strict compliance? But there is strict compliance. So if there is strict compliance, why would there be a presumption of error? Because essentially what I'm talking about is it would be a counterfactual condition or would it not? If this weren't a size day, I'd run you through. In other words, how can error be presumed when there's been strict compliance? I am arguing that there is strict compliance. And if error is not presumed, then isn't it required that the defendant establish error? And if he establishes error, he establishes it how? By the amendment of a rule after the fact? Instead of us looking at this record in its totality to determine whether or not this defendant has been prejudiced? I'm asking you the question, even though I'm going to ask the same question of Mr. McCoy. So, Ms. McCoy, be aware of that. Okay. There are a couple components of that. And my argument, first of all, is that since on their face, these two documents establish full compliance with 604D passed and the essential component of the requirement of the revised 604D, although it obviously can't comply with a specific designated copy of the certificate, there's full compliance in these two certificates with 604D both tousandth the and or, because the first certificate establishes the and, even though the second certificate, which he filed to try and comply with case law, says or. I think it would be a vast injustice when the case law is that Supreme Court rules are rules and you must comply with them, to then say that counsel who diligently attempted to comply with these two certificates is wrong because he complied with the Supreme Court rule. I think he has failed to establish any prejudice. Certainly, if on page six of my brief, I show about his consultation where he has requested more time because he wants to consult with his client. And he says specifically that. Counsel's argument is that we don't look at the record. We consider the four corners of the certificate. And my argument, again, is twofold, that the four corners of the two certificates establish it. Have you thought about the effect of that on other cases going forward? In other words, we have other cases where the rule had not yet been changed, but the defense attorney had filed a compliant certificate with the language as it existed before the amendment. If you consider, going forward, we're going to see cases where there's only one certificate that strictly complied with the former rule. Do you understand the point? Yes. And again, I think because of the question on, particularly if you put it in light of a retroactive application of the new rule, where they say that, again, the courts must make subtle judgments concerning the fairness or unfairness of applying the new statutory rule to any particular cases pending before them. So I think in that case, you are required to look at the record and outside the four corners of the documents because you're making a subtle judgment on the fairness of what happened. On each individual case. Forget about this case. I'm talking about the next case when this issue is raised. Well, I think in this case, if the defendants are going to argue that the new rule is applied to them, then they're faced with that. Their argument is the defendant was deprived of fundamental fairness and due process. So I don't think that the courts should turn a blind eye to that. But I certainly think that in this district, where we have the decision in menu, which says that since the Supreme Court in Tucson found or to mean and courts and trial courts in this district are following, presumably, your decision in menu, that they shouldn't be punished, certainly, for having complied with both the rules specifically in this court's interpretation of that rule. I'm a little bit perplexed about your argument about prejudice. Are there any cases that say prejudice component is a part of whether or not a certificate is sufficient? I raised that because that was one of the aspects of Scarborough that the court found that on its face, the certificate was insufficient. But they found no prejudice. So it doesn't make a lot of sense to me. If somebody were to file today, admittedly, the new rule would apply. They give the language, mistakenly, of the old rule. You're saying the defendant, even though the certificate is admittedly not in compliance with the current Supreme Court rule, they have to show some prejudice as a result of that? Where is that coming from? No, I think if you are applying a new rule to a prior situation, then you look at it. If you have a new rule. Right, to a prior situation. Right. But in your context, it is a defendant coming in on the basis of the new rule. Is that correct? So I would expect compliance with the new rule. Right, prejudice would not be relevant. Exactly. If the new rule was in effect at the time the form was supposed to be filed, then the new rule would apply. Isn't that what you just said? You said that about the first two or three minutes of your argument, which is the reason why this shouldn't be retroactive is because the form says, a form that is to be filed shall be thus and so. Well, you can't do that unless, supposedly, you find a black hole and go backwards in time. At least that seemed to be the inference that you were giving, which was this can only be executed now with the new rule. You can't apply this new rule to things that have happened in the past. Correct. And so. I have sincere hopes that everybody is completely. Justice Hudson was pointing out that if the rule was in existence and in effect at the time the form was executed, then the rule, the new rule, should apply. I would agree. That's what I thought you did, but. If a case to the contrary comes up, I would argue an exception. But I could well see your honors disagreeing with that. Thank you. Thank you very much. Very interesting argument. Both of you. Didn't even get more interesting. Can you remember that question? Madam reporter, would you please repeat that question? I was going to ask. I have the question repeated. I'll tell you what I said, which was if strict compliance presumes error and this was strict compliant. Pardon me. Noncompliance presumes error because there was not strict compliance. If there was strict compliance, how could there be a presumption of error? And if there is no presumption of error, you have to establish it. So how do you establish it? Well, our contention is that it wasn't strict compliance. It was strict compliance at the time. It's not. It may not be if it were to be executed. If the form were to be executed today, it wouldn't be in strict compliance because there's a new rule in effect. Our argument is it was not strict compliance at the time because of the Supreme Court's decision in Tocino, which said that you need to the attorney needs to address both of these areas, both of these areas of potential error. And what about counsel's argument? What's your response to the argument that you can read the certificates that were filed together? And the first certificate clearly shows that counsel consulted with the defendant on both. I don't believe it shows that. The actual language of the first certificate is counsel has consulted either in person or by mail with the defendant and has ascertained that there are no additional allegations of error which counsel believes should be raised. So the problem here is, first, it doesn't specify what the attorney thinks. She read more than that, though. She read the whole thing. There's an and with regard to what counsel said in the plea of guilty. I mean, the fact is, it's referring to the attorney's contentions of error. It's not what the defendant thought the contentions of error were. It was what he had discovered them to be. And it doesn't show how the attorney came to this conclusion. And more importantly, it doesn't show the defendant's role in coming to that conclusion. He consulted with the defendant about additional allegations of error which counsel believes should be raised, other than those which have already been raised in the amended motion to withdraw guilty plea and to vacate sentence. That doesn't, again, it doesn't say that both of them were. This is the consultation paragraph of the certificate. This is to comply with, and counsel acknowledged, Judge, I'm not sure my certificate complies and he wanted another opportunity to file an additional certificate. But this is the certificate and this is the paragraph of that certificate that attempts to comply with 604D. Yes, and our argument is it does not comply with 604D, that this language does not match the rule and it doesn't say that both of these errors were consulted with. Just to respond to counsel's argument that applying the new amendment would be somehow unfair because defense counsel didn't have that at the time. Yeah, that has some logical appeal, so why is it not unfair? Well, that could be said of any amendment and the case lies that procedural amendments can be applied retroactively. How many pleas of the guilty do you think take place in the state of Illinois on any given day? Obviously, that's the vast majority of cases. Thousands of certificates that were compliant with the then or would not be compliant with today's and. So that would mean that every single one of those defendants who entered those pleas of guilty would have an opportunity to challenge the plea on appeal if we were to say that the change in the rule is retroactive. Would you agree with that? I would agree with that and I would say that that's not a reason to not apply it. What motions of due process or fairness are invoked there? Well, it's important to realize that the defendant's due process rights. It's not the attorney's due process rights. Ordinarily, in any due process claim, who has the obligation to at least bring forward and show that an individual's rights have been violated? This is not an ordinary due process claim. This is a claim that's premised on this statute. What's the purpose of the rule? The purpose of the rule is to ensure everything gets put out before the trial judge so that everything is on the record. We can minimize later trips to the appellate court. We can create finality with guilty pleas and interests I think the state would have as well. And that is why the certificate did not comply under either the prior version or the new version. And would you agree that in situations where there have been 604D compliance certificates, where the or is used, the defendant still has the opportunity to challenge a plea or a sentence on appeal if he has an argument that his lawyer was ineffective? Yes, but that would, on direct appeal, that would have to be from the face of the record. Right, and then post-conviction, you'd be able to go outside the record and support your pleading with affidavits. For example, here he wants to get the offer that had been on the table before he pled guilty to murder, correct? That was his contention. And it's, I would just say that the, going back to your prior question about how this would affect future pleas, the right to be consulted about both areas existed prior to this amendment and existed as the court declared in 2 senor. So this has not created a new duty on attorneys or a new obligation. What this has created is just a procedural remedy for how to certify that the attorney has fulfilled that preexisting duty. I think his concern was not with future pleas. It's with previous pleas. Future pleas obviously have to be governed under the new rules. There's no question about that. Right, right. And I just, that applying it to previous pleas does not, in fact, any type of unfairness because this is what attorneys already had to do. And this is, again, the focus is not, we're not blaming defense counsel. We're not faulting him. We are saying that this does not ensure that the defendant's due process rights were protected in this case. Okay. Thank you. We'll take the case under advisement. The court is in recess. We have one more case on the call.